```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL SEBASTIAN, JR.,<br><br>      Plaintiff,<br><br>  v.<br><br>VORHEES TOWNSHIP, CARLOS GARCIA-LAZAR, ANTHONY RUSTERUCCI, FRANCIS Bialecki, ROBERT WOOLSTON, ROBERT MONAHAN, DANIEL STARK, and LANCE KLEIN,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-6097<br>      (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

THE WILLIAM H. BUCKMAN LAW FIRM
By: Surinder K. Aggarwal
Moorestown Office Center
110 Marter Avenue, Suite 209
Moorestown, NJ 08057
      Counsel for Plaintiff

WHITE & WILLIAMS, LLP
By: David M. Ragonese
Liberty View
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
      Counsel for Defendants Vorhees Township, Carlos
      Garcia-Lazar, Anthony Rusterucci, Robert Woolston,
      Robert Monahan, Daniel Stark and Lance Klein

SICILIANO & ASSOCIATES, LLC
By: Salvatore J. Siciliano
16 South Haddon Avenue
P.O. Box 25
Haddonfield, NJ 08033
      Counsel for Defendant Carlos Garcia-Lazar

CHARLES SHIMBERG PC
By: Anne E. Walters
20 Brace Road
Suite 350
Cherry Hill, NJ 08034
      Counsel for Defendant Francis Bialecki

**IRENAS**, Senior District Judge:

Plaintiff, Michael Sebastian, Jr., brings this suit against the Defendants arising out of his arrest on June 12, 2007 by member of the Vorhees Township Police Department. Plaintiff claims that he was arrested without probable cause.[1]

Count One of the Amended Complaint, brought under 42 U.S.C. § 1983, alleges false arrest in violation of the Fourth Amendment by Defendants Garcia-Lazar, Rusterucci,[2] Stark,[3] Monahan, Bialecki, Woolston and Klein (the "Individual Defendants"), malicious prosecution in violation of the Fourth Amendment by Defendants Garcia-Lazar, Rusterucci, Bialecki and Woolston, and denial of counsel and unlawful interrogation in violation of the Fifth Amendment by Defendants Stark, Monahan and Klein.

Count Two of the Amended Complaint, brought under § 1983, alleges a conspiracy to violate Plaintiff's Fourth Amendment and Fifth Amendment rights by the Individual Defendants. Count Three of the Amended Complaint, also brought under § 1983, alleges that Defendant Vorhees Township violated Plaintiff's constitutional rights.

Count Four of the Amended Complaint alleges that all of the Defendants violated the New Jersey Constitution.

Count Five of the Amended Complaint brings a common law

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2] Plaintiff refers to the Defendant as Richard Monahan, when in fact his name appears to be Robert Monahan.

[3] Plaintiff refers to the Defendant as Daniel Starks, when in fact his name appears to be Daniel Stark.

claim for false arrest against Defendants Garcia-Lazar, Bialecki, Woolston and Rusterucci.  Count Six brings a common law claim for malicious prosecution against Defendants Garcia-Lazar, Rusterucci, Bialecki and Woolston.  Count Seven brings a common law claim for abuse of process against the Individual Defendants.  Count Eight brings a common law claim for intentional infliction of emotional distress against the Individual Defendants.

The Defendants have moved for summary judgment on all counts.[4]  The Court will grant summary judgment as to Defendants Stark, Monahan, Klein, Rusterucci and Vorhees Township on all claims brought against them.  The Court will grant summary judgment as to Defendants Garcia-Lazar, Bialecki and Woolston on Count Eight, intentional infliction of emotional distress, and deny summary judgment as to Defendants Garcia-Lazar, Bialecki and Woolston on the remainder of the claims brought against them.

I.

Plaintiff Michael Sebastian, Jr. received a ticket for running a red light in the Spring of 2007.  (Defendants' Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment (Defs.' SOF) ¶ 1) Plaintiff appeared in Vorhees Municipal Court on June 11, 2007 to dispute the ticket.  (*Id.* at 3) Plaintiff was found guilty at trial.  (*Id.* at 5) Incensed at the result of the trial, Plaintiff yelled out that

---

[4] Three separate summary judgment motions have been filed.  Defendants Vorhees Township, Rusterucci, Monahan, Woolston, Klein and Stark jointly filed for summary judgment on all claims against them.  Defendants Garcia-Lazar and Bialecki have each individually moved for summary judgment on the claims asserted against them.  The motions will be considered together.

the proceeding was "bullshit" and that he "did not give a fuck" about any fines imposed by the court. (*Id.* at 7) Plaintiff was found in contempt of court and arrested, but was released on his own recognizance soon thereafter. (*Id.* at 8)

On the morning of June 12, 2007, Plaintiff's girlfriend saw what she believed may have been an intruder on Plaintiff's property. (*Id.* at 10) Plaintiff immediately called his father, Michael Sebastian, Sr., who told Plaintiff he would come to his property as soon as possible. (*Id.* at 9, 11) On his way to Plaintiff's property, Michael Sebastian, Sr. saw Defendant Garcia-Lazar's police car. (*Id.* at 13-14) Sebastian, Sr. informed Garcia-Lazar about the potential intruder, and Garcia-Lazar followed him to Plaintiff's house. (*Id.* at 13-14)

Plaintiff and the Defendants have varying accounts of the events that transpired at Plaintiff's property.

Plaintiff alleges that he told Sebastian, Sr. to advise Garcia-Lazar not to enter his property because Plaintiff did not want to have any contact with the Vorhees Township Police Department following the incidents the previous day in municipal court. (Plaintiff's Statement of Undisputed Material Facts (Pl.'s SUMF) at 31) Plaintiff himself also advised Garcia-Lazar that he did not want his assistance and asked him to leave. (*Id.* at 32) Garcia-Lazar refused, despite Plaintiff's continued requests. (*Id.* at 34) Plaintiff informed Garcia-Lazar of the events that transpired the previous day in municipal court. (*Id.* at 36) Plaintiff then tried to return to his residence, but Garcia-Lazar ordered him to stay where he was and forced him to

walk the perimeter of the property to check if there was any evidence of an intruder.  (*Id.* at 39-40)

When walking the perimeter, Plaintiff allegedly saw a footprint, but Garcia-Lazar refused to photograph the evidence. (*Id.* at 47) Upset about this, Plaintiff refused to continue circling the perimeter and indicated that he wanted to return to his residence.  (*Id.* at 48) Garcia-Lazar inquired what Plaintiff would do if someone was breaking into his residence.  (*Id.* at 49) Plaintiff replied that if the intruder was a threat to him or his family, he would severely injure or kill the intruder.  (*Id.* at 50)

Defendant Rusterucci then arrived at Plaintiff's property. (*Id.* at 52) When asked by Rusterucci, Plaintiff repeated that if an intruder was a threat to him or his family, he would severely injure or kill the intruder.  (*Id.* at 59)  Rusterucci asked what would Plaintiff do if a Vorhees Township official was breaking into his home. (*Id.* at 60) Plaintiff replied that if a Vorhees Township official was breaking into his home without identification and was a threat to himself or his family, Plaintiff would severely injure or kill the intruder.  (*Id.* at 61) Plaintiff noted that he would not injure or kill a uniformed officer because he or she would be recognizable by the uniform. (*Id.* at 62) Rusterucci acknowledged that he understood what Plaintiff meant.  (*Id.* at 63) This conversation was repeated approximately six times before Rusterucci and Garcia-Lazar left

5

Plaintiff's property.  (*Id.* at 65) Plaintiff then completed an incident report which he returned to Garcia-Lazar.  (*Id.* at 68-69)

In turn, Defendants Vorhees Township, Rusterucci, Monahan, Woolston, Klein and Stark allege the following summary of the events.[5]  When Garcia-Lazar and Sebastian, Sr. arrived at Plaintiff's property, Plaintiff informed Garcia-Lazar that a judge advised him not to have any contact with the Vorhees Township Police Department, and asked Defendant Garcia-Lazar to leave his property.  (*Id.* at 16)

Apparently intrigued by this statement, Garcia-Lazar asked Plaintiff what he would do if there was an intruder on the property given that Plaintiff refused to allow police officers onto his property.  (*Id.* at 17) Plaintiff responded by saying that "[i]f the person had broken into my house and they were a threat to me or my family, I would severely injure or kill them if it was necessary to defend myself."  (*Id.* at 18) Defendant Rusterucci arrived on the scene shortly thereafter, and also inquired as to what Plaintiff would do if there was on intruder on his property.  (*Id.* at 19)  Plaintiff repeated the answer he previously gave to Garcia-Lazar.  (*Id.* at 20)

Rusterucci then asked Plaintiff how he would respond if a Vorhees Township official was attempting to break into his home.

---

[5] Defendent Bialecki's and Defendant Garcia-Lazar's accounts of the facts agree in almost all material respects with this account.

6

(*Id.* at 21) Plaintiff responded that "if it was a township official breaking into my home without any identification, and I didn't know who they were, if I thought they were a threat to my family or life, I would severely injure or kill them if necessary.  And that was if they were an unidentified person." (*Id.* at 22) Plaintiff noted that his response did not apply to a uniformed officer, because he would be able to recognize the officer based upon the uniform.  (*Id.* at 23)

   Defendants Garcia-Lazar and Rusterucci then warned Plaintiff not to take matters into his own hands, and instead call the police if there was an intruder.  (*Id.* at 26) Rusterucci then left Plaintiff's property.  (*Id.* at 27)

   Garcia-Lazar shortly thereafter called Rusterucci and informed him that Plaintiff had threatened to shoot a Vorhees Township official.  (*Id.* at 29) Rusterucci advised him to report this threat.  (*Id.* at 30) Garcia-Lazar then left Plaintiff's property.  (*Id.* at 31)

   The remainders of the accounts of Plaintiff and the Defendants for the most part coincide.  Defendant Garcia-Lazar returned to police headquarters to report the incident to Defendant Woolston, his immediate supervisor.  (*Id.* at 31) Defendant Woolston then brought Defendant Garcia-Lazar to his supervisor, Defendant Bialecki.  (*Id.* at 32)  Garcia-Lazar was ordered to complete a report on the incident.  (*Id.* at 33) The report indicated that Plaintiff said he would "seriously hurt" or

7

"shoot" a Vorhees Township official who broke into his residence. (*Id.* at 35)[6] Bialecki then spoke with Deputy Chief Prettyman about the incident. (*Id.* at 36)

Following discussion of the incident, the Camden County Prosecutor's Office confirmed that it was appropriate to charge Plaintiff with making terroristic threats.[7] (*Id.* at 39) Defendant Bialecki instructed Woolston to arrest Plaintiff. (*Id.* at 45) Defendant Woolston drafted the warrant for Plaintiff's arrest.[8] (Pl.'s SUMF ¶ 108)

At approximately 4:00 p.m. on June 12, 2007, Plaintiff was arrested at his home. (Defs.' SOF ¶ 54) Defendant Stark handcuffed Plaintiff, and Defendants Klein and Monahan also

---

[6] The report omits many details from both Plaintiff's and Defendants' version of events. Importantly, the report did not specify that Plaintiff's comments were only given in response to questions of Defendant Garcia-Lazar and Rusterucci, and the report did not include the qualifications Plaintiff made indicating that he would only hurt a township official if he or she was intruding on Plaintiff's property without properly identifying himself or herself. (Exhibit J to Motion for Summary Judgment of Defendants Vorhees Township, Rusterucci, Monahan, Woolston, Klein and Stark)

[7] Under N.J.S.A. § 2C:12-3b, a person is guilty of making terroristic threats "if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out."

[8] Garcia-Lazar provided all the information contained in the arrest warrant. (Pl.'s SUMF ¶ 109) Defendant Rusterucci was not consulted in the drafting of the warrant. (*Id.* at 110) Despite the fact that Rusterucci never corroborated Garcia-Lazar's account of events, the warrant specifies that two police officers witnessed Plaintiff's threat. (Exhibit 12 to Plaintiff's Brief in Opposition)

8

participated in the arrest.[9]  (*Id.* at 57) Plaintiff claims that neither Defendant Stark nor any other member of the Vorhees Township Police Department ever advised him of his Fifth Amendment rights.  (*Id.* at 58) During the ride to the police station, Plaintiff repeatedly asked for an attorney, but Defendant Klein refused the request at that time.  (*Id.* at 62) At the police station, Plaintiff refused to submit to fingerprinting, which led to a charge of refusal of arrest.  (*Id.* at 65-66) Plaintiff was released later that evening after his father posted bail.  (*Id.* at 69) Ultimately the charges against Plaintiff were dismissed.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is,

---

[9] The other Individual Defendants did not participate in the arrest.

9

pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### III.

The Court first addresses the federal constitutional claims, then the state constitutional and common law claims.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

As stated previously, Plaintiff asserts that his Fourth and Fifth Amendment rights were violated. Specifically, Plaintiff asserts that he was (1) falsely arrested by the Individual Defendants, (2) maliciously prosecuted by Defendants Garcia-Lazar, Rusterucci, Bialecki and Woolston, and (3) denied meaningful access to counsel and unlawfully interrogated by Defendants Stark, Monahan and Klein. Plaintiff also asserts a conspiracy to violate his constitutional rights by the Individual

Defendants. Lastly, Plaintiff asserts that Defendant Vorhees Township is liable for the constitutional violations of the Individual Defendants.

The Court addresses each claim in turn.

**A.**

The Defendants assert that they had probable cause to arrest Plaintiff based on his alleged threats and therefore there was no violation of Plaintiff's Fourth Amendment right to be free from false arrest and malicious prosecution.

To state a claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege that (1) there was an arrest, and (2) the arrest was made without probable cause. *Dowling v. Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). Validity of an arrest is determined under the law of the state where the arrest occurred. *Id.* Probable cause means more than a mere suspicion, but does not rise to the level of guilt beyond a reasonable doubt. *Hill v. California*, 401 U.S. 797, 804 (1971).

To prevail on a malicious prosecution claim under § 1983, a plaintiff must establish that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without

11

probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

For the purposes of the present motion, the Court must construe the facts and inferences in the light most favorable to Plaintiff in considering whether there has been a constitutional violation.  The Court finds that there is a dispute of material fact as to the existence of probable cause to arrest Plaintiff. In Plaintiff's version of events, Plaintiff did not make any terroristic threats, he responded in a reasonable way to questioning by Garcia-Lazar and Rusterucci, and Garcia-Lazar misrepresented the events in his official report.  Plaintiff's version of events supports a reasonable inference that charges were brought against Plaintiff by Defendants Garcia-Lazar, Bialecki and Woolston without probable cause which led to a violation of his constitutional rights based on false arrest.

The Court also finds that Plaintiff's version of events supports a violation of his constitutional rights based on a malicious prosecution claim by Defendants Garcia-Lazar, Bialecki and Woolston.  Plaintiff's account of his arrest supports a reasonable inference that the charges were brought without probable cause, and he suffered a deprivation of liberty when he was incarcerated following the arrest.  The charges were

12

ultimately dismissed, which is a resolution favorable to Plaintiff. Defendants also can be said to have initiated the criminal proceeding by supporting the charges with the allegedly false police report. *See Gallo v. Philadelphia*, 161 F.3d 217, 224 (3d Cir. 1998)("section 1983 malicious prosecution claim might be maintained against one who furnished false information to...prosecuting authorities"). In addition, Plaintiff's account of events taken as a whole supports an inference that Defendants Garcia-Lazar, Bialecki and Woolston acted maliciously, based on the absence of probable cause for the arrest.

In contrast, there is no evidence that Defendants Stark, Klein, Monahan or Rusterucci acted in way that violated Plaintiff's constitutional right to be free from false arrest. While Defendant Rusterucci was present at Plaintiff's property, once he left the property he was no longer involved in Plaintiff's case. He was not involved in the issuing of the police report or the arrest warrant, nor was he involved in the execution of the arrest warrant. Therefore, summary judgment will be granted in favor of Defendant Rusterucci on Plaintiff's § 1983 claims for false arrest and malicious prosecution.

Further, Defendants Stark, Klein and Monahan were not involved in any way in the events that lead to the issuance of the arrest warrant. When Stark, Klein and Monahan arrested Plaintiff, there were making an arrest pursuant to a warrant. Generally, probable cause for an arrest exists when a police officer makes an arrest pursuant to a warrant. *See Baker v.*

13

*McCollan*, 443 U.S. 137, 144 (1979). Police officers who arrest solely on the basis of a facially valid warrant are immune from suits alleging Constitutional violations. *Id.* at 143-44. Plaintiff has presented no evidence that Stark, Klein or Monahan was aware of the circumstances that lead to the issuing of the arrest warrant that, from their perspective, was facially valid. Therefore, summary judgment will be granted in favor of Defendants Stark, Klein, Monahan and Rusterucci on Plaintiff's § 1983 claim for false arrest.

The Court concludes that the Defendants Garcia-Lazar, Bialecki and Woolston are not entitled to summary judgment on Plaintiff's § 1983 claims for violation of the Fourth Amendment because Plaintiff has presented evidence that, if established at trial, support violations of his constitutional rights. The Court further concludes that Defendants Stark, Monahan, Klein and Rusterucci are entitled to summary judgment on Plaintiff's § 1983 claims for violation of the Fourth Amendment.[10]

---

[10] Plaintiff has not opposed summary judgment on his § 1983 claim against Defendants Stark, Monahan and Klein for violation of the Fifth Amendment. Because Plaintiff has not presented evidence that the statements he made while under arrest were ever used against him at trial, *see Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003), and because Plaintiff has no free-standing Fifth Amendment claim for denial of counsel during interrogation, *see James v. York County Police Dep't*, 160 Fed. Appx. 126, 133 (3d Cir. 2005), summary judgment will be granted in favor of Defendants Stark, Monahan and Klein on Plaintiff's § 1983 claim for violation of the Fifth Amendment.

**B.**

Count Two is a claim against the Individual Defendants for conspiracy to violate Plaintiff's civil rights.

Section 1983, on its own, does not punish conspiracies. Instead, a civil conspiracy claim provides plaintiff a legal mechanism of liability against all defendants without regard to who actually performed the illegal act. *See Holt Cargo Sys. v. Delaware River Port Auth.*, 20 F.Supp. 2d 803, 843 (E.D. Pa. 1998). In order for a civil conspiracy claim to survive summary judgment, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Royster v. Beard*, 308 Fed. Appx. 576, 579 (3d Cir. 2009).

Plaintiff asserts that all of the Individual Defendants worked together to violate Plaintiff's constitutional rights.

The Court concludes that the Defendants Garcia-Lazar, Bialecki and Woolston are not entitled to summary judgment on Plaintiff's claim of a civil conspiracy to violate § 1983 because Plaintiff has presented evidence that, if established at trial, support the conclusion that Defendants Garcia-Lazar, Bialecki and Woolston acted together both to arrest Plaintiff without probable cause and to maliciously prosecute him. The Court further concludes that Defendants Stark, Monahan, Klein and Rusterucci are entitled to summary judgment on Plaintiff's claim of a civil conspiracy to violate § 1983 because Plaintiff has presented no evidence that Defendants Stark, Monahan, Klein and Rusterucci

15

were involved in any conspiracy to violate Plaintiff's rights.

## C.

Count Three is a claim against Defendant Vorhees Township that it violated Plaintiff's Fourth and Fifth Amendment rights by failing to properly train and supervise the Individual Defendants, and failed to provide appropriate safeguards to prevent the deprivation of Plaintiff's Fourth and Fifth Amendment rights under the Constitution.

In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that a municipality cannot be liable under § 1983 under the principle of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). Instead, a municipality can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." *Id.* The Third Circuit has held that there are three instances when such liability is possible:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

16

*McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).

Plaintiff has not presented any evidence that the Individual Defendants were acting under a formal government policy or standard operating procedure, that any Individual Defendant had policy making authority, or that an official with authority ratified the actions of the Individual Defendants.  Therefore summary judgment will be granted in favor of Vorhees Township on Count Three.[11]

### D.

For the reasons articulated in subsection A *supra*, the Court must deny summary judgment on Plaintiff's corresponding state law claims against Defendants Garcia-Lazar, Bialecki and Woolston of false arrest, false detention, false imprisonment, malicious prosecution and abuse of process, and must grant summary judgment on Plaintiff's corresponding state law claims against Defendant Rusterucci of false arrest, false detention, false imprisonment

---

[11] Count Four of Plaintiff's Amended Complaint brings a claim against all Defendants for violation of the New Jersey constitution.  Because the analysis of claims under the New Jersey Constitution is similar to analysis under the Fourth Amendment and Fifth Amendment, no separate analysis need be undertaken for this claim.  *See*, *e.g.*, *Desilets on behalf of Desilets v. Clearview Regional Bd. of Educ.*, 627 A.2d 667, 673 (App.Div. 1993).  Therefore summary judgment will not be granted to Defendants Garcia-Lazar, Bialecki and Woolston for claims under the New Jersey Constitution for false arrest and malicious prosecution.  Summary judgment will be granted to Defendants Rusterucci, Monahan, Klein, Stark and Vorhees Township for claims under the New Jersey Constitution for false arrest and malicious prosecution.  Finally, summary judgment will be granted to all Defendants for all claims under the New Jersey Constitution for denial of access to counsel and unlawful interrogation.

malicious prosecution and abuse of process.[12]

**E.**

Finally, the Individual Defendants have moved for summary judgment on the Plaintiff's claim of intentional infliction of emotional distress.

To state a claim for intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct, (2) that the conduct was "extreme and outrageous,"(3) that the actions of the defendant were the cause of the plaintiff's distress, and(4) that the emotional distress sustained by the plaintiff was severe." *Cole v. Laughrey Funeral Home*, 376 N.J. Super. 135, 147 (App.Div. 2005).

The Court will grant summary judgment in favor of the Individual Defendants on Plaintiff's claim of intentional infliction of emotional distress. New Jersey courts have found

---

[12] Defendants Vorhees Township, Rusterucci, Monahan, Woolston, Klein and Stark also argue that Plaintiff's state law claims are barred by the "verbal threshold" rule of N.J.S.A. § 59:9-2(d), which reads in relevant part that "[n]o damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $ 3,600.00." Summary judgment will not be granted on this basis, though, because Plaintiff is seeking compensatory damages, not just damages for pain and suffering.

that the emotional distress must meet an "elevated threshold" which is only satisfied in "extreme cases." *Griffin v. Tops Appliance City, Inc.*, 337 N.J. Super. 15, 23 (App.Div. 2001). Plaintiff has presented no evidence that his emotional distress met this elevated threshold. Without such evidence, summary judgment must be granted in favor of the Individual Defendants.

**IV.**

For the reasons set forth above, summary judgment will be granted in favor of Defendants Stark, Monahan and Klein on Count One (§ 1983 claims for violation of the Fourth and Fifth Amendments), Count Two (conspiracy to violate § 1983), Count Four (violation of the New Jersey constitution) and Count Eight (common law intentional infliction of emotional distress).

Summary judgment will be granted in favor of Defendant Rusterucci on Count One (§ 1983 claims for violation of the Fourth Amendment), Count Two (conspiracy to violate § 1983), Count Four (violation of the New Jersey constitution), Count Five (common law false arrest), Count Six (common law malicious prosecution), Count Seven (common law abuse of process) and Count Eight (common law intentional infliction of emotional distress).

Summary judgment will be granted in favor of Defendant Vorhees Township on Count Three (municipal liability under § 1983) and Count Four (violation of the New Jersey Constitution).

Summary judgment will be granted in favor of Defendants Garcia-Lazar, Bialecki and Woolston on Count Four (liability under the New Jersey Constitution for denial of access to counsel

19

and unlawful interrogation) and Count Eight (common law intentional infliction of emotional distress).

Finally, summary judgment will not be granted as to Defendants Garcia-Lazar, Bialecki and Woolston on Count One (§ 1983 claims for violation of the Fourth Amendment), Count Two (conspiracy to violate § 1983), Count Four (liability under the New Jersey Constitution for false arrest and malicious prosecution), Count Five (common law false arrest), Count Six (common law malicious prosecution), and Count Seven (common law abuse of process).

An appropriate Order accompanies this Opinion.


Dated: February 8, 2011

                                    s/ Joseph E. Irenas
                                    JOSEPH E. IRENAS, S.U.S.D.J.